IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | CASE NUMBER 6:12-CR-00093-RC |
| v. | § | |
| | § | |
| | § | |
| BOBBY FLEET | § | |
| | § | |

REPORT & RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

On February 21, 2017, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Bobby Fleet. The government was represented by Frank Coan, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession of Child Pornography, a Class C felony. The offense carried a statutory maximum imprisonment term of 10 years. The United States Sentencing Guideline range, based on a total offense level of 19 and a criminal history category of IV, was 46 to 57 months. On May 21, 2013, District Judge Leonard Davis sentenced Defendant to 46 months imprisonment followed by 10 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, sex offender registration, sex offender treatment and testing, no contact with minor children, restrictions from pornography, submit to search, restrictions from internet, computer access by probation officer, and restrictions from portable electronic devices to include cellular

1

telephones with internet and photo capability. On July 13, 2016, Defendant completed the term of imprisonment and began his term of supervised release.

Under the terms of supervised release, Defendant was required to refrain from associating with any person convicted of a felony unless granted permission to do so by the probation officer. In its petition, the government alleges that Defendant violated his condition of supervised release by admitting to associating with a person convicted a felony without the permission of the probation officer on January 30, 2017.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by associating with a person convicted of a felony without the permission of his probation officer, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade C violation is 6 to 12 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in the government's petition. In exchange, the government agreed on a sentence of 6 months, to include 54 days of unserved community confinement time, with 10 years supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Bobby Fleet be committed to the custody of the Bureau of Prisons for a term of imprisonment of 6 months, to include 54 days of unserved community confinement time, with 10

years supervised release to follow. In addition, the Court **RECOMMENDS** that the conditions of supervision be **MODIFIED** as follows:

(1) Replace the conditions that Defendant shall not possess or access a computer, except in the course of his employment, and that Defendant shall not purchase, possess, have contact with or use devices to include cellular telephones with photographic capability with the following condition:

> The defendant shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; computers, computer peripherals, laptop computers; iPods; Personal Digital Assistants (PDAs); portable data storage devices such as thumb drives and Flash memory; or any other type of portable electronic device that is capable of communicating via modem, wireless, or dedicated connection. The defendant shall also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment.

(2) Add the condition that defendant shall reside in a residential reentry center or similar facility for a period of up to 180 days, or until he secures a personal residence approved by the probation officer, to commence upon release from confinement and shall observe the rules of that facility.

The Court **RECOMMENDS** that the place of confinement be Texarkana, Texas to facilitate family visitation, and the Court **RECOMMENDS** sex offender treatment.

**So ORDERED and SIGNED this 22nd day of February, 2017.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE