# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | § |
| | § |
| | §  **CASE NUMBER 6:12-CR-00093-JDK** |
| **v.** | § |
| | § |
| | § |
| | § |
| **BOBBY FLEET** | § |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On August 12, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Bobby Fleet. The government was represented by Allen Hurst, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession of Child Pornography, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of IV, was 46 to 57 months. On May 21, 2013, U.S. District Judge Leonard Davis of the Eastern District of Texas sentenced Defendant to 46 months in prison, followed by 10 years of supervised release subject to the standard conditions of supervised release, plus special conditions to include financial disclosure; sex offender registration; sex offender aftercare; prohibited purchase, possession, or use of portable devices with photographic and/or internet capability; and a special assessment. On July 13, 2016, Defendant completed his period of imprisonment and began service of the supervision term.

On September 24, 2016, Defendant's conditions of supervised release were modified to include placement in a residential reentry center for 180 days. On January 31, 2017, Defendant was unsuccessfully discharged from the residential reentry center after being found in possession of sexually explicit material.

On March 3, 2017, Defendant's initial term of supervised release was revoked, and Defendant was sentenced to a prison term of 6 months, followed by 10 years of supervised release subject to the standard conditions of supervised release, plus special conditions to include financial disclosure; sex offender registration; sex offender aftercare; prohibited from contact with minors; prohibited from viewing sexually explicit material; must submit to search; prohibited from possessing or accessing a computer or the internet; prohibited from the purchase, possession, or use of portable devices with photographic and/or internet capability; and placement in a residential reentry center or similar facility for 180 days upon release from confinement. On August 10, 2017, Defendant completed his period of imprisonment and began service of the second supervision term.

On September 23, 2022, this case was reassigned to U.S. District Judge Jeremy Kernodle of the Eastern District of Texas.

Under the terms of supervised release, Defendant was prohibited from committing another federal, state, or local crime. In its petition, the government alleges that Defendant violated his conditions of supervised release on July 5, 2023, when Defendant pled guilty to Invasive Visual Recording in a Bathroom, a state crime.

If the court finds by preponderance of the evidence that Defendant violated the conditions of supervised release referenced above, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the court shall revoke supervised

released. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade B violation is 12 to 18 months. *See* U.S.S.G. §§ 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the conditions of supervision referenced above. In exchange, the government recommended to the court a sentence of 15 months imprisonment, followed by 3 years of supervised release.

The court therefore **RECOMMENDS** that Defendant Bobby Fleet's plea of true be accepted, and that he be sentenced to a term of imprisonment of 15 months, to be served consecutive to the state court sentence imposed in cause number CR22-0818-173, 392nd District Court, Henderson County, Texas, followed by 3 years of supervised release subject to the standard conditions of supervised release, plus special conditions as stated in the court's revocation judgment. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Texarkana, Texas, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 13th day of August, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE